139 So.2d 300

Elton STOKES

v.

J. C. HART et al.

4 Div. 72.

Supreme Court of Alabama.

March 22, 1962.

Tipler & Fuller, Andalusia, for appellant.

**280**

Prestwood & Prestwood, Andalusia, for appellees.

LAWSON, Justice.

This is a boundary line dispute between appellees, as complainants, and appellant, as respondent. There was a decree adopting the contention of complainants. Respondent has appealed.

Submission here was on appellees' motion to dismiss the appeal and on the merits.

### Motion to Dismiss the Appeal

Appellees assert that the appeal should be dismissed in that the decree from which the appeal is sought to be taken is not a final decree.

There is no merit in this insistence. The decree fixes the boundary line between the lands of the complainants and the respondent as a certain section line. The fact that a surveyor was directed to make a survey to determine the exact location of the section line and to erect certain judicial landmarks at designated points does not infect the decree with interlocutory characteristics of the decree held insufficient to support an appeal in the case of Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520.

### On the Merits

The dividing line between the property of complainants on the west and that of respondent on the east, according to their paper title, is the section line which divides Sections 11 and 12, Township 3 North, Range 14 East, in Covington County.

However, the pleadings in this case were treated by the trial court and by all parties to the litigation as not limiting the issue to the location of the section line. If the location of that line had been considered as the issue, much of the testimony offered by both parties relating to agreements and adverse possession would no doubt have been excluded and given no consideration by the court in its decree, for landowners cannot by agreement or by adverse possession relocate a section line as surveyed by the government surveyors. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; Alford v. Rodgers, 242 Ala. 370, 6 So.2d 409.

But when the issue is not thus framed so that a certain described line is alleged to be the boundary and that line is not controlled by the government survey, evidence of agreements and adverse possession is admissible. Alford v. Rodgers, supra; Mintz v. Millican, 248 Ala. 683, 29 So.2d 230; Forrester v. McFry, 229 Ala. 324, 157 So. 68, and cases cited.

Although the trial court found that the respondent had been in the adverse possession of the disputed strip for more than ten years, it refused to hold that respondent had title to that strip on the theory that his claim of adverse possession was not supported by such testimony as is required by § 828, Title 7, Code 1940, which section reads, in pertinent part:

"Adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for ten years before the commencement of the action; or unless he

and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation; or, unless he derives title by descent cast, or devise from a predecessor in the title who was in possession of the land. * * *"

But it is distinctly provided in § 828, Title 7, supra, that it shall not apply to cases involving a question as to boundaries between coterminous owners. Section 828, Title 7, supra, concludes:

" * * * This section shall not be construed to affect in any way a title perfect by adverse possession before the adoption of this Code, nor to deprive any person of his rights under sections 945–949 of this title, *nor to cases involving a question as to boundaries between co-terminous owners.*" (Emphasis supplied.)

See Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731; Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554; Denton v. Corr, 250 Ala. 149, 33 So.2d 625; Guy v. Lancaster, 250 Ala. 226, 34 So.2d 10; Salter v. Cobb, 264 Ala. 609, 88 So.2d 845.

The decree of the trial court is reversed and the cause is remanded so that the case may be reconsidered and retried on the principles we have herein restated.

If the cause is to be retried following remandment, we suggest that the pleadings be amended so as to spell out specifically the lines which the respective parties claim to be the correct boundary line.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.