188 So.2d 548

## J. T. BUTTS

v.

## R. W. LANCASTER et al.

2 Div. 471.

Supreme Court of Alabama.

June 23, 1966.

Tucker & Hildreth, Atmore, for appellant.

V. W. Elmore, Gordo, for appellees.

SIMPSON, Justice.

This appeal was submitted on January 10, 1966.

The appellant filed a bill in equity seeking to establish the boundary line between his property and that of the respondents, the appellees here. The complainant claimed that the line was that line which had been established by survey showing that the complainant owned the west half of the NE ¼ of the NW ¼ of Section 18, Township 19 South, Range 14 West, Pickens County. The respondents claimed that they owned the east half of that forty-acre tract, but in addition owned all of that part of the west half which lay east of the Reform-Millport Road. The dispute therefore centered on the question of ownership of the five or six acres of land of the west half of this forty-acre tract lying east of the Reform-Millport Road. The complainant claimed record title to this acreage and the respondents claimed to own the same by adverse possession. The trial court found that the "respondents and those through whom they claim title had been in the open, peaceable and undisturbed possession of all the part of said forty which lies east of said road for more than twenty years prior to the time the complainant purchased the lands that he claims to have owned in said forty", thus finding for the respondents on the issue of adverse possession. As a result of this finding, the trial court fixed the true line as being "where the Old Reform-Millport Public road was located before the County changed said road and hard surfaced said road and made a county Highway of same".

From this decree the complainant appeals.

Appellant argues only that the decree entered by the trial court is not supported by the evidence, pointing out that the burden of proof rests with the party claiming title to land by adverse possession as against the party holding record title and that there is a failure of proof in this regard. The appellant is of course correct in the stated principle of law. Duke v. Harden, 259 Ala. 398, 66 So.2d 899; Davis v. Wells, 265 Ala. 149, 90 So.2d 256; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760; Weston v. Weston, 269 Ala. 595, 114 So.2d 898. The question here, then, is whether the appellees have discharged that burden, or, stated differently, whether there is evidence in the record to support the trial court's conclusion that that burden had been discharged. In this connection we are mindful that questions of adverse possession are questions of fact properly determinable by the trier of facts, Grice v. Taylor, 273 Ala. 591, 143 So.2d 447, and

that the determination so made, where the evidence is taken orally, as in this case, is favored with a presumption of correctness and will not be disturbed here unless plainly erroneous or manifestly unjust. Mayben v. Travelers Indem. Co., 273 Ala. 643, 144 So.2d 52; Bagley v. Green, 277 Ala. 118, 167 So.2d 545.

We need not relate all of the evidence. We have carefully examined the transcript of the evidence and are of the opinion that the weight and preponderance support the decree entered by the trial court. We simply state some of the tendencies of the evidence which will suffice to demonstrate the correctness of the decree:

Witness Stewart Bonner testified that his father had owned in the past the lands claimed by the respondents; that the road was the line between his father's land and the Sparks land (the land which lay west of the road); that no one ever claimed to own any of the land that lay east of the road but his father.

Witness Edward Bonner testified that he had been familiar with the land in question for many years; that his father had owned one parcel of the land, and that the road was the line between the two parcels.

Many witnesses testified that they did not know where the line was but believed it was the "old road"—the line established by the trial court as the true line. Others testified that they did not know where the line was but that predecessors of the respondents had been in possession of the land for varying periods—"at all times", "forty years or more", etc.

 There was abundant evidence of the possession of the land by the respondents and their predecessors in title, although many said that they did not know where the line was, but knew that the respondents had possessed the strip of land in question.

"Whether possession to a given location is adverse is a question of intention and if the possessor considers and claims land as his own his possession is hostile though he does not suppose he is claiming more than he owns and claims by mistake of fact. It is not necessary for one to know that he is claiming the property of another when he is in the actual possession of it to make such possession adverse to the true owner. If he is in the actual possession with the intention of holding it and claiming it as his own, such possession is adverse." Guy v. Lancaster, 250 Ala. 287, 34 So.2d 499.

Under the rules governing the acquisition of title by prescription, we are clear to the conclusion that the lower court was correct in the decree rendered. George E. Fuller et al. v. C. J. Yancey et al., —— So.2d ——.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.