197 So.2d 285

**Wyatt WILLIAMS**

**v.**

**J. F. DAVIS et al.**

**4 Div. 261.**

Supreme Court of Alabama.

March 2, 1967.

Rehearing Denied April 13, 1967.

---◆---

Halstead & Whiddon, Headland, for appellant.

Farmer & Farmer, Abbeville, for appellees.

HARWOOD, Justice.

This is an appeal from a decree entered in a suit to establish a disputed boundary line.

The complainants were the heirs of W. E. Davis. The land in question is located in Section 34, Township 9, Range 29 east in Henry County. J. F. Davis, one of the complainants had bought a tract of land from C. E. Richardson in 1946. A portion of this land was in Section 34, supra. Apparently J. F. Davis mortgaged this land to his father and in 1952, the father, W. E. Davis, foreclosed the mortgage and was the owner of record at the time of his death, and hence his heirs were such owners at the time of the suit below.

Wyatt Williams, the respondent below, holds record title to land situated in Section 33, Township 9, etc. Section 33 and 34 adjoin. He has never paid taxes on any land in Section 34.

In the court below it was Williams' contention that he, and his predecessors in title, acquired title and interest beyond the section boundary line over into Section 34 by adverse possession and prescription, and that the true boundary line is the dividing line between the Davis land and that portion of Section 34 acquired by Williams by adverse possession and by prescription, and that the section line is not the true boundary line between the properties.

Williams testified that he and Davis had had disputes about the boundary line ever since he had acquired his land.

In 1949, Davis erected a wire fence on what he contends was on his land. Williams came to him and told him the fence was not on the line between them, and he replied that he knew it was not, that he had reason to believe he was several hundred feet east of his line, and he was only putting up the fence to tie into another fence and thereby make an enclosure. The fence did not run in a straight line, but zigzagged from tree to tree and occasionally to a post.

Williams suggested they have a survey made, and Davis agreed, and both agreed to be bound by the survey. Davis testified that he and Williams agreed that any cultivation on the disputed strip by Williams was to be permissive pending the survey to establish the true boundary line.

Williams denied that any such agreement or arrangement was made at any time.

It appears that two surveys of the boundary line were begun by separate surveyors, a Mr. Pickett and a Mr. Mobley. According to Davis, Mr. Williams, after each survey was begun, found fault with the surveyor's procedures, and the surveys were discontinued. Williams testified that he did not employ the first surveyor, but that Mr. Calhoun employed him. Mr. Calhoun owned no land in the vicinity at the time. Mr. Williams also testified that the second surveyor had been employed by Mr. Johnson, and Johnson had told him to tell the surveyor to quit after the first day. Even so, Williams testified that it was he who had paid the surveyor on this second survey.

This has been a most tedious record to review. Plats were introduced in evidence. These plats were used in examining witnesses. There are questions such as, "Did you run that line across there?", and during the examination of the appellant, "Q. Now back over here on the southeast part of your land over here you cultivate that do you?", and "Q. That is down in the south-

east. This is Polk Branch coming along here somewhere. This is the north side. Do you cultivate up to the Davis land on the east side of your place? A. East side except the wire fence."

Polk Branch is not represented on the plats. There is also testimony as to the location of other lands adjoining or nearby. Such lands are not shown on the plats, and much of such testimony is confusing.

■■ When some of the witnesses were being examined, the plats were obviously being used. The points identified as "there" and "Polk Branch along here somewhere" is meaningless without further information. The trial court could observe the finger pointing. He saw and heard the witnesses testify. His findings will not be disturbed unless palpably wrong. The evidence is in hopeless conflict, and some of it is rendered useless to us by vague references to unidentified points on the plats. See Christian v. Reed, 265 Ala. 533, 92 So.2d 881.

At the conclusion of the evidence the trial court concluded that a survey by a competent engineer would be helpful to the court in determining the issues involved and retained the services of Botts and Ray, civil engineers of Troy, Alabama, to survey the boundaries. The court set aside the original submission, and reopened the case to take the testimony of Mr. Ray, following his survey of the boundary.

Upon completion of this testimony, the cause was again submitted and the Chancellor thereafter entered a decree finding the boundary line between the complainants to be the section line between Section 33 and 34, supra, as determined by Mr. Ray.

Mr. Ray's survey was based upon old government field notes secured from the office of the Alabama Secretary of State's office, copies of township plats prepared by the original government surveyors in 1823, prior information he had secured on other surveys in this area, existing evidence of other property lines, and established corner markers established by the United States Corps of Engineers. Mr. Ray's testimony is too voluminous to set out in detail, but from a reading of it, one cannot but be impressed with its probable accuracy.

In its decree the court noted that "although Respondent has exercised acts of dominion over a certain portion of said Section 34, such acts and the duration of same, are not sufficient to divest title out of the rightful owners, the Complainants."

Counsel for appellant Williams contend that the Chancellor erred in his decree in that (a) the parties are not coterminous owners, and therefore no boundary line dispute exists so as to invoke the provisions of Section 2, Title 47, Code of Alabama 1940, and (b) that appellant had obtained title to the disputed land by adverse possession and prescription.

■ Since Sections 33 and 34 are contiguous, the parties are clearly coterminous owners according to their record title. Likewise they are coterminous owners of land in Section 34 which respondent contends he had acquired by adverse possession. There is no merit in this contention.

■ The acts of dominion relied on by appellant to establish his title by adverse possession and by prescription, are cultivation of the tract claimed by respondent, and the cutting of trees therein one time. The parties being coterminous owners, the requirement of Section 828, Title 7, Code of Alabama 1940, that one claiming by adverse possession must show, in addition to dominion over disputed land, a deed or color of title duly recorded for ten years, or annual listing of land for taxation for a period of ten years, or title by descent cast, does not apply. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477. In case of coterminous owners, the claimant need show only dominion over the land claiming it adversely as to the whole world for the required time.

■ Under appellee's evidence the cultivation of the land by the appellant was permissive only awaiting a survey of the

boundary lines. If this be so, then appellant's possession was not adverse.

The cutting of trees one time on the disputed tract is a casual and desultory act and is insufficient under the doctrine of our cases to establish the necessary dominion over the land as required by adverse possession or prescription. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477, and cases cited therein.

From a reading of this record it is our conclusion that the evidence was entirely sufficient to support the decree of the lower court. The Chancellor saw and heard the witnesses testify, and his findings determining questions of fact will not be disturbed unless palpably wrong. Certainly, there is no basis on which we could say that the findings of the Chancellor were palpably wrong. Particularly is this true when considering the testimony based on the use of the plats, which, unless the plats and witnesses are seen and heard, is meaningless because of uncertainty as to the points being testified about.

The decree below is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.