212 So.2d 594

**Arthur Earl MORGAN**

v.

**Judge LARDE et al.**
**2 Div. 509.**

Supreme Court of Alabama.

June 20, 1968.

Rehearing Denied July 18, 1968.

Thos. F. Seale, Livingston, for appellant.

Pruitt & Pruitt, Livingston, for appellees.

MERRILL, Justice.

This appeal is from a decree in a boundary line dispute which set the true line between the parties to be that of the government survey.

At one time, Sam Larde, a Negro, owned some 1,000 acres in Sumter County, including both tracts where the line is disputed. At his death, his property was divided in kind among his children. One son, Will Larde, acquired the NE¼ of NW¼, and another son, Alex Larde, acquired the N½ of NE¼, all of Sec. 10, Tp. 18 N, R. 4 West. Alex Larde sold his eighty acres to E. B. Morgan on January 9, 1939, and E. B. Morgan willed this eighty acres to his son, the appellant. The appellees are the children of Will Larde, deceased.

It was stipulated that appellant has legal title to the N½ of NE¼ and appellees have legal title to the N¼ of NW¼, all of Sec. 10, Tp. 18 N, R. 4 West; and that the only issue between the parties was whether appellant "has obtained title through adverse possession, prescription or otherwise to a tract of approximately six acres in the east part of the Northeast Quarter of Northwest Quarter of said Section 10, Township 18 North, Range 4 West, lying east of a road running generally north and south across said forty, being the old Millville-Oxford road."

The trial court decided the issue in favor of appellees and we quote that part of the decree which contains the findings of the court:

"The Complainants are the record title holders to the Northeast quarter of the Northwest quarter of Section 10, Township 18 North, Range 4 West, Sumter County, Alabama, and the Respondent is the record title holder to the North half of the Northeast quarter of Section 10, Township 18 North, Range 4 West. The six acres of land, more or less, lying East of the old York-Millville Road which is in dispute is a part of the land to which Complainants hold record title. Sam Larde who is the grandfather of Complainants is the common source of title of both parcels of land. Sam Larde owned a large acreage and his children after his death divided the property and executed to each other mutual division deeds. Will Larde, a son of Sam Larde,

was conveyed the property now owned by Complainants and he conveyed the property to his children who are the Complainants. Alex Larde, a son of Sam Larde, acquired title to the property of the Respondent, and he conveyed said property to the Respondent's father. Respondent's father died, leaving same to Respondent by devise in his will. The property was described in the will by Government Survey and did not include the six acre tract which is in dispute. Will Larde and Alex Larde each signed the division deeds. All of the deeds and the will in the chain of title of both the Respondent and Complainants described the respective tracts of land by the government description hereinabove recited. The Court finds that it was the intention of Will Larde in making his conveyance to the Complainants and Alex Larde in making his conveyance to the Respondent's predecessor in title, to convey the parcels of land as defined by Government Survey. The Court finds that since the acquisition of property by Complainants and their predecessors in title that they have assessed said property for taxes. The Court finds that the Complainants or their predecessors in title have over a period of years exercised acts and rights of ownership over the disputed six acres. The Court further finds that a fence line that was constructed along the Eastern edge of the old York-Millville Road which is the West boundary of the disputed six acres was not a boundary line, but was a fence constructed many years prior to acquisition of the property by either Complainants or Respondent for the purpose of keeping livestock out of crop lands planted in the disputed six acres. The Court finds that the Respondent or his predecessors in title did not have color of title to the disputed six acres and did not exercise possession of the disputed six acres while concurrently assessing said six acres for taxes for the required statutory period of ten years. At no time was the Respondent or his predecessors in title in the exclusive possession of the said disputed six acres.

"The Court is of the judgment and opinion that the Complainants are entitled to the relief prayed."

The preponderance of the evidence was that the fence along the old York-Millville Road, to which appellant was claiming, had originally been erected long before the Morgans had acquired title to the NW 1/4 of the NE1/4, and that it had been erected, not as a land line, but to keep stock out of the crops.

██ We have applied the rule in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts; and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548. We cannot say that the findings of the court were unsupported by the evidence or were either erroneous or unjust.

██ The boundary line between adjacent landowners may be changed by agreement or by adverse possession, but the adjacent landowners cannot relocate a section line as surveyed by the government surveyors. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, and cases there cited.

Here, the deeds under which all parties claimed made the boundary line the line of the government survey between the NW1/4 of the NE1/4 and the NE1/4 of the NW1/4. The appellant failed to convince the trier of fact by his evidence that there had been an agreement to change the boundary line or that he and his predecessors in title had acquired the six acres by adverse possession.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.