262 So.2d 593

**John Shelly BERRY and Jewel Sylvia Berry**

**v.**

**Richard L. GUYTON et al.**

**7 Div. 919.**

Supreme Court of Alabama.

May 18, 1972.

Martin & Floyd, Gadsden, for appellees.

Burns, Carr & Shumaker, and Thomas E. Davis, Gadsden, for appellants.

BLOODWORTH, Justice.

This appeal is from a final decree of the circuit court of Etowah County, in equity, establishing a boundary line between parties who are coterminous owners of city lots in Gadsden, Alabama.

Complainants-appellants, John S. and Jewel S. Berry, own lot 119 located at 18

Sandusky Lane. Respondents-appellees, Ruth L. Guyton and her two daughters, Sherry Thrasher Simmons and Kathy Thrasher, own the adjoining lot 118 to the west, at 6 Sandusky Lane. Also joined in the bill, as respondents, were Richard L. Guyton (Ruth L. Guyton's present husband) and Cone Mills, Inc., the original owner of both lots and the source through which both parties derive title. Respondent Sherry Simmons is over the age of 21 years, and married. Respondent Kathy Thrasher was a minor 14 years of age at the time the bill was filed. Both are daughters of Mrs. Guyton and her former husband, David Thrasher, deceased.

The bill of complaint alleges that the boundary line between the two lots is indicated by stakes at the northwest and southwest corners of the Berrys' lot; that the Berrys' garage extends over the straight line formed between these two stakes a distance of 3.2 to 4.7 feet; and that since 1960, the Berrys have been in "actual, open, notorious, hostile, exclusive, peaceful, and continuous adverse possession" of the property on which their garage is situated. The bill prays that the trial court fix the permanent boundary line so that the land on which the garage is situated is included in the description of the Berrys' lot.

The trial court entered a final decree adverse to complainants Berry, which provided, in part, as follows:

"THE COURT FURTHER FINDS that the Plantiffs have not been in actual, open, notorious, hostile, exclusive, peaceable and continuous adverse possession of said garage site *under color of title* for a sufficient period of time so as to constitute title by adverse possession.

"THE COURT FURTHER FINDS that the Plaintiffs have not been in actual, possession of the disputed garage site under a claim of right *and color of title,* openly and exclusively believing that the Plaintiffs were holding to the true line. * * *" [Emphasis supplied.]

The decree found that respondents Richard L. Guyton and Cone Mills, Inc., have no interest in the property in litigation.

The trial court also decreed the true boundary line between the lots to be a straight line between the two stakes; denied the relief prayed for by the Berrys; and, ordered them to remove their garage. From this decree the Berrys appeal.

We have concluded that there is error in the trial court's decree, in that the decree misapplied the law of adverse possession to the facts of this case. The decree of the trial court must therefore be reversed and the cause remanded.

The evidence, consisting of oral testimony and a Stipulation of Facts, is substantially undisputed. The Berrys have been living in a house on lot 119 since 1928. From 1928 to 1951 they rented the property. Both lots 118 and 119 were then owned by Dwight Mills, Inc., which subsequently conveyed the lots to Cone Mills, Inc. In 1943, Cone Mills, at the request of the Berrys, built the garage adjacent to the Berrys' house. In 1951, the Berrys contracted with Cone Mills to purchase the house and lot on an installment basis, title to pass when the last installment was paid. Before the contract to purchase was made, Cone Mills had the lot surveyed. A metal stake or pipe was placed in the ground at each corner of the Berrys' lot. These stakes are still in place and both parties agree that they represent the northwest and southwest corners of the Berry lot. If a straight line is drawn between these stakes, the Berrys' garage would extend some 3.2 to 4.7 feet on the Guytons' lot. On June 6, 1960, the Berrys paid the last installment on their sales contract and received a deed to lot 119. In 1962, Mrs. Guyton and her two daughters, respondents Sherry and Kathy, received a deed to lot 118 under a similar sales contract with Cone Mills. A dispute arose between the parties as to the boundary line between the respective lots, and on June 1, 1971, the Berrys filed this suit to establish the boundary line.

478

The Berrys contend that the trial court erred in applying the law of adverse possession to the facts in this case. The trial court's decree was based, at least in part, on the court's finding of fact that the Berrys had not possessed the property under color of title. The Berrys insist this is a case involving a question as to a boundary between coterminous owners and therefore by the express terms of Title 7, § 828, Code of Alabama 1940, they are exempt from the requirement of showing color of title.

Title 7, § 828, provides as follows:

"Adverse possession, etc.—Adverse possession cannot confer or defeat title to land unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded in the office of the judge of probate of the county in which the land lies for ten years before the commencement of the action; or unless he and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation; or, unless he derives title by descent cast, or devise from a predecessor in the title who was in possession of the land. If the period during which the party's deed or color of title has been on record, added to the time during which the deeds or color of title of those through whom he claims have been on record, amounts to ten years, he may defend or prosecute on his adverse possession, and an inadvertent failure to list the land for taxation, or any unintentional mistake in the description of the assessment, or unintentional omission of any part of it from the assessment, during the period of ten years, shall not bar the party of his action or defense on his adverse possession. *This section shall not be construed to affect in any way* a title perfect by adverse possession before the adoption of this Code, nor to deprive any person of his rights under sections 945–949 of this title, nor to *cases involving a question as to boundaries between co-terminus owners.*" [Emphasis supplied.]

The Guytons contend that this is not a case involving a question as to a boundary line between coterminous owners in that " * * * the area claimed by the Appellants is not a strip of land between where the Appellants claimed the boundary line is located and where the Appellees claim the boundary line is located." Rather, the Guytons insist that the Berrys are claiming, by adverse possession, property which they have known since the 1951 survey to be a part of the Guytons' lot. Therefore, the Guytons maintain that the exception contained in Title 7, § 828, is not applicable to this case and that the Berrys must show either color of title or payment of taxes or title derived by descent cast.

We find no merit in the Guytons' contention. We are of the opinion that the fact situation presented by this case falls within the express provisions of Title 7, § 828, excepting from the requirements of that section, cases involving questions as to boundaries between coterminous owners, and that the Berrys need not show color of title in order to establish their claim by adverse possession.

At the outset, we note that the specific language of the "AGREEMENT TO STIPULATE FACTS," entered into between the parties is " * * * that a dispute has arisen between said parties concerning the true boundary line between their respective properties." This alone is sufficient to refute the Guytons' contention that this is not a case involving a question as to a boundary line between coterminous owners.

Moreover, this case undeniably involves a question as to the ownership of a strip of land located between coterminous owners. We note that the exceptive language of Title 7, § 828, is not limited to any particular type of boundary dispute but applies to "cases involving a question as to boundaries between co-terminus

owners." We are of the opinion that the instant case clearly falls into this category, and that the legislature intended such a case as the one before us to be excepted from the requirements of Title 7, § 828.

Thus, we hold that it was reversible error for the trial court to conclude that, because it found the Berrys had not been in adverse possession under "color of title" for a sufficient period of time, the Berrys had not adversely possessed the garage site.

 Since this case will presumably be retried, we refrain from commenting upon, or giving our view of the evidence. However, we do call the trial court's attention to the rule that in cases involving a question as to boundaries between coterminous landowners, "the claimant need show only dominion over the land claiming it adversely as to the whole world for the required time." Williams v. Davis, 280 Ala. 631, 633, 197 So.2d 285 (1967). See also Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971).

We observe that respondent Kathy Thrasher was alleged to be fourteen years of age when the bill was filed in June 1971. The provisions of Title 7, §§ 102 and 177, Code of Alabama 1940, require such persons to be defended by a guardian ad litem. Doss v. Terry, 256 Ala. 218, 54 So.2d 451 (1951).

In view of the result we have reached, it is unnecessary that we consider the other assignments of error dealing with the conduct of the trial. We believe it is unlikely that these circumstances will occur again when another trial is held.

The decree of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, MADDOX and McCALL, JJ., concur.