273 So.2d 203

Ernest C. MORRIS

v.

Jesse L. MORRIS.

SC 70.

Supreme Court of Alabama.

Feb. 8, 1973.

Campbell & Campbell, Scottsboro, for appellant.

No brief from appellee.

BLOODWORTH, Justice.

This is an appeal from a final decree of the Circuit Court of Jackson County, in equity, determining the location of a disputed boundary line between two brothers who are coterminous landowners. The decree was adverse to the appellant-complainant. Hence this appeal.

The trial court, in its final decree dated December 3, 1971, made findings of fact as follows, inter alia:

"That the parties hereto became the owners of the legal title to their respective tracts under and by virtue of the Last Will and Testament of their father, Robert Thomas Morris, who died in 1946, leaving a Last Will and Testament which was duly probated in the Probate Court of Jackson County, Alabama, wherein the Complainant, Ernest C. Morris, was devised the East half of the East half of Section 22, Township 4, Range 5, and the West half of the Southeast fourth of Section 22, Township 4, Range 5, except 16 acres willed to Jesse L. Morris, and also the 5 acres near right of way of Southern Railway Co. and known as the John Sisk land, and the Respondent, Jesse L. Morris was devised the West half of the West half of Section 23, Township 4, Range 5 and 16 acres on the East side of the East half of the Southeast fourth of Section 22, Township 4, Range 5; that the tract of land deivsed to the Complainant was formerly owned by a family named Scott and therefore was called the Scott land, and the tract of land devised to the Respondent was a part of the tract of land formerly owned by a family named Wallace and therefore said tract was referred to by the parties through the years as the Wallace land; that the father of the parties, Robert Thomas Morris, made his will in 1936 and told the Complainant and the Respondent that the Complainant was going to get the Scott property and that the Respondent was to get the Wallace property adjoining the Scott property; that for many years a fence existed on the West bank of a ditch separating the Scott place from the Wallace place, but a part of the fence was torn down a number of years ago; that a part of the old fence has been in existence more than forty (40) years and at present runs South approximately 1000 feet along the West bank of a drainage ditch beginning at or near the point where the East boundary of Section 22, Township 4 South, Range 5 East in

Jackson County, Alabama, intersects the South or Southwest right of way line of the Southern Railway Company; that the drainage ditch which runs along side said fence extends South from the terminal point of said fence, in a straight line (except for a very short distance immediately North of the right of way of U. S. Highway No. 72) to the right of way of U. S. Highway No. 72; that a graveled road or driveway extends Southward from the South or Southwest right of way line of U. S. Highway No. 72 in a straight line to the point where said driveway intersects the North boundary of the 16 acre tract owned by the Respondent in the East half of the Southeast quarter of said Section 22, the boundary of which is undisputed; that the Respondent has used and maintained said graveled road or driveway as a means of ingress and egress to and from his home situated on said 16 acre tract continuously since it was constructed in 1936; that the Respondent has cleaned out the drainage ditch which runs along the East side of the above mentioned old fence that extends Southward to U. S. Highway No. 72 and that runs along the West side of the above mentioned graveled road or driveway continuously since 1936; that the Respondent cultivated, farmed or otherwise used the property up to said fence, ditch and driveway on the East side and the Complainant cultivated, farmed or otherwise used the property up to said fence, ditch and driveway on the West side of said fence, ditch and driveway; that the Respondent believed that the fence line and the ditch was the true line separating the lands of the parties; that the Respondent has otherwise exercised dominion and possession under a claim of right to the land lying East of the before mentioned fence and the straight line extention thereof in a Southerly direction to and along the West boundary of said graveled road or driveway to the North boundary of said 16 acre tract on which the home of the Respondent is situated for more than the past 20 consecutive years and such possession has been hostile, actual, exclusive, open, and

continuous; and that since the respective tracts were acquired by the parties in 1946 and down until 1967 (more than 20 consecutive years) no dispute or disagreement ever arose or existed between the parties regarding the location of the boundary between the property of the parties to this proceeding."

The trial court fixed the true boundary line between the parties as follows:

"Commence at a point on the South or Southwest right of way line of the Southern Railway Company where an old North-South fence intersects the same at or near the point where the East boundary of Section 22, Township 4 South, Range 5 East intersects the South right of way line of said Southern Railway Company and run thence South along said old fence line and along the West bank of a drainage ditch to the terminal point of said fence; thence continue South in a straight line along the straight line extension of said old fence to a point across U. S. Highway No. 72 in the West edge of a graveled road or driveway leading to the home of the Respondent; thence continue South along the West edge of said graveled road or driveway to the point where the same intersects the North boundary of the Southeast quarter of Section 22, Township 4 South, Range 5 East."

Appellant assigns as error certain of the findings of fact made by the trial court.

This court has held:

"Where the question is a disputed boundary line between coterminous owners, the statutory evidentiary prerequisites of adverse possession are inapplicable. Tit. 7, § 828, Code 1940; Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554; Stokes v. Hart, 273 Ala. 279, 139 So.2d 300, and cases there cited.

"If a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, be-

**44**

lieving that he is holding to the true line, he thereby acquires title up to that line \* \* \*." Sylvest v. Stowers, 276 Ala. 695, 697, 166 So.2d 423, 426 (1964).

" \* \* \* the claimant need show only dominion over the land claiming it adversely as to the whole world for the required time." Williams v. Davis, 280 Ala. 631, 633, 197 So.2d 285, 287 (1967). See also Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971).

"We have applied the rule in boundary line disputes that questions of adverse possession are questions of fact properly determined by the trier of facts; and that the determination so made, where the evidence is taken orally, as here, is favored with a presumption of correctness and will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548. We cannot say that the findings of the court were unsupported by the evidence or were either erroneous or unjust." Morgan v. Larde, 282 Ala. 426, 212 So.2d 594 (1968).

"The reason frequently given for that rule is that the trial court can better judge the credibility of witnesses by seeing and hearing them testify. That rule is particularly appropriate in this case because most of the witnesses were questioned about lines, locations, distances, monuments, culverts, fences and the like which appeared on a diagram which had been drawn on a blackboard." Barnett v. Millis, 286 Ala. 681, 246 So.2d 78 (1971).

See also "Boundary Line Disputes in Alabama," Cumberland-Samford Law Review, Volume 3, p. 70, by Shuford B. Smyer.

Likewise in this case, various witnesses gave answers in response to questions' which are meaningless to us, since we did not see the pointing finger and do not know to what point the witness referred when the witness answered "here." The trial court was not so limited.

■ We have read and carefully reviewed the entire record, in the light of the stated rules of law, and we have concluded that there was sufficient evidence presented to the trial court upon which to base its findings of fact and its fixing the true boundary line.

■ The trial court saw and heard the witnesses testify. Where the evidence is heard orally, the decree of the trial court is favored with a presumption of correctness which will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Morgan v. Larde, supra; Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548 (1966). We cannot say the decree was plainly erroneous or manifestly unjust.

■ Appellant also contends that there was no dispute between the parties as to the true boundary line prior to 1967. Appellant seems to argue that the boundary must have been in dispute for more than the period of ten years prescribed for a holding under adverse possession. We know of no such requirement for a coterminous landowner to acquire title up to a disputed line in a boundary line dispute between coterminous landowners. Berry v. Guyton, 288 Ala. 475, 262 So.2d 593 (1972); Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971); Williams v. Davis, 280 Ala. 631, 197 So.2d 285 (1967). Thus, this contention of appellant must fail.

It is also asserted by appellant that the trial court erred in not determining the location of the section line between Sections 22 and 23 and in not declaring the section line between these two sections to be the true boundary line. We point out that the true boundary line was determined by the trial court. It was set out in its final decree. The original bill was filed to establish the disputed boundary line between these coterminous landowners, not to establish a section line. Although appellant contends that the section line is the true boundary line between the parties, the trial court determined it to be otherwise, based

on testimony taken orally before it. Morgan v. Larde, supra.

Finally, appellant asserts that the description of the true boundary line, as determined by the trial court, is inadequate and legally insufficient. No authority is cited by appellant for this proposition. Nor, does appellant point out wherein the same is insufficient. We believe that the true boundary line was fixed with sufficient precision.

Finding no reversible error in appellant's contentions, the decree of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.