303 So.2d 108

**Mandy Faye Baughn KELLEY**

v.

**William Jackson KELLEY.**

**Civ. 298.**

Court of Civil Appeals of Alabama.

Nov. 6, 1974.

609

Watts, Salmon, Roberts, Manning & Noojin, Huntsville, for appellant.

**610**

H. Evins Hamm, Huntsville, for appellee.

HOLMES, Judge.

This is an appeal by appellant from a decree of the Madison County Circuit Court denying appellant's petition to set aside an appraisal of real estate, conducted pursuant to a divorce decree. Appellant's petition further requested the trial court itself to determine the fair market value of the real estate.

The parties were divorced on March 30, 1972. The divorce decree contained the following provision:

"That the Complainant and Respondent are to have the 300 acres in Marion County appraised for its present fair market value by a qualified land appraiser acceptable to both the Complainant and the Respondent."

The decree, as part of the division of property, thereafter provided for the appellee to pay to appellant one-half of the appraised value of their own 300 acres, less certain deductions.

On April 4, 1972, the parties agreed on an appraiser, Mr. T. A. Carnes of Winfield, Alabama. Mr. Carnes, a resident of the county in which the land is located, investigated the land and, on April 12, 1972, mailed his written appraisal of $14,000 to both appellant and appellee. Appellee, on August 1, 1972, mailed a check in the amount of $4,470 to appellant which represented one-half of the appraised value less

certain deductions as authorized by the divorce decree.

On November 1, 1972, appellant filed her petition alleging that the appraisal did not represent the fair market value of the property and that the appraisal was so grossly inadequate as to amount to fraud. Following the sustaining of appellee's demurrer to the petition, appellant filed an amendment to the petition on December 22, 1972. In this amendment she further alleged that the check was an unacceptable form of payment.

On May 16, 1973, thirteen months after the appraisal by the jointly agreed upon appraiser, appellant's privately hired appraiser appraised the value of the land at $35,234.05.

After a hearing *ore tenus* relief was denied appellant. It is from this action of the trial court that this appeal is taken.

The learned trial court's decree is detailed as to the court's findings and the applicable law relied upon.

The trial court held that after a lapse of thirty days from the entering of the divorce decree, the property settlement could not be modified or changed except as to orders necessary to give effect to the court's decision. The court found that the orders effecting the property settlement had already been carried out by the parties. The court held that the evidence showed that deeds had been conveyed, an appraiser agreed upon, and an appraisal from the same obtained. Therefore, the court held no further orders were necessary to give effect to the provisions of the property settlement. Thus, for the court to determine the market value would, according to the learned trial judge, constitute a modification of the property settlement contained in the divorce decree and, as such, is prohibited by the existing Alabama law.

Additionally, the court held that even if it could determine the market value, it could do so only if it found that the inade-

quacy of the appraisal by Mr. Carnes "was so glaring and gross as to at once shock the understanding and conscience of an honest and just man, or at least sufficient to raise a presumption of fraud." The court found that the majority of the evidence did not suggest that the appraisal was inadequate. Nor was there evidence presented to indicate fraud.

The trial court further found that the payment by check was acceptable and that appellee had therefore paid all that was due appellant.

Counsel for appellant has presented twenty-six assignments of error to this court. The argued assignments of error fall into three main areas of contention. The first argument presented by appellant in brief is that the court erred to reversal when it found that the petition by appellant was an attempt to modify, rather than to enforce the judgment. The second ground is that the decree is clearly contrary to the great weight of the evidence in finding that the appraisal by Mr. Carnes was not inadequate. The third argument presented to this court by appellant is that the court erred in its finding that payment by check, in lieu of cash, fulfilled the requirements of the divorce decree.

Appellant's first contention is that her petition was a petition to *enforce* the original divorce decree and not to *modify* it as the court held. A provision for a property settlement is not a continuous provision and after a lapse of thirty days from the date of rendition of the decree, a court of equity cannot modify a property settlement except to correct clerical errors. Duboise v. Duboise, 275 Ala. 220, 153 So. 2d 778.

To this court, the trial judge did not err in finding that appellant's petition was an attempt to modify. Appellant's argument appears to be that the court must now enforce the decree since obstacles have arisen since the rendition of the decree which makes compliance therewith im-

possible. The alleged obstacle is that the decree cannot be strictly adhered to because the parties cannot now agree to have another appraisal or agree even on another appraiser because of the respective positions of the parties as a result of the divorce.

■ This court is not persuaded by the argument of appellant's able counsel. As we perceive the requirements of the decree and read the pleadings, there is nothing left under the decree to be enforced and, therefore, appellant's petition is indeed an effort to modify. The original decree provided that the land in question would be appraised by a "qualified" land appraiser *acceptable to both*, and that appellee would then pay appellant one-half of the appraised value, less certain deductions. The evidence shows that an appraiser was agreed upon with requisite qualifications, an appraisal made, deeds exchanged and the check mailed to appellant.

As we read appellant's petition, appellant is asking the trial court to determine the present fair market value in lieu of accepting the appraisal of the previously agreed upon appraiser. To this court, this attempt to substitute appraisers or procedure as set out in the original decree is an attempted modification, and the trial court held so properly.

As an alternative ground for denying relief, the learned trial judge held that even if it were to determine the fair market value of the property, it could do so only if it first set aside the appraisal of Mr. Carnes. To set the appraisal aside, the trial court held it would first have to find that the appraisal was "so glaring and gross as to at once shock the understanding and conscience of an honest and just man, or at least sufficient to raise a presumption of fraud." Dunn v. Ponceler, 235 Ala. 269, 178 So. 40.

Appellant agrees with the judge's interpretation of the law, but contends as their second argument that the judge's failure to find the appraisal so inadequate was contrary to the great weight of the evidence.

Appellant's contention is bottomed on the great disparity in the appraised fair market value between that of Mr. Carnes, the agreed upon appraiser, and Mr. Lowe, appellant's privately hired appraiser. Mr. Carnes' appraisal of $14,000 is $21,234.05 less than Mr. Lowe's appraisal of $35,234.-05. From this price variance, appellant contends the inadequacy of the price is so great as to create a presumption of fraud, which would allow the court to intercede and determine the market value.

In support of her contention, appellant relies on the testimony of Mr. Lowe, a real estate appraiser from Huntsville. Mr. Lowe possessed most impressive credentials and went into much detail as to how he reached his appraised value. Mr. Lowe's appraisal was arrived at by use of the market approach which is based on comparative sales. Thus, appellant presented a most persuasive argument in behalf of its position.

■ However, this case was heard *ore tenus* and we will not reverse unless the findings by the judge were plainly erroneous or manifestly unjust and there is no credible evidence to support his findings. Morris v. Morris, 290 Ala. 41, 273 So.2d 203. While different inferences can be drawn from the evidence, we cannot hold that the trial judge was plainly wrong in his decision. In fact, there is much credible evidence presented to support his findings.

Among the evidence presented, which this court finds that supports the judge's decree, is the testimony of Mr. Carnes, the appraiser agreed upon by both parties. Mr. Carnes had been a licensed real estate broker for over seven years and was a resident of Marion County, site of the land in question, for over thirty years. Mr. Carnes had made appraisals for the City of Winfield, local industries and the bank.

Mr. Carnes testified at length as to how he arrived at his appraisal value of $14,000. He spent two days walking over and inspecting the land. Mr. Carnes testified the land's best use would be as timber

land and he was familiar with the prices of such land in Marion County.

The court finds Mr. Carnes' testimony to be credible, not only because of his own qualifications, but also because of the applicability of Tit. 7, § 367, Ala. Code (1940), to cases of this type. That section reads as follows:

"Direct testimony as to the market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."

It is beyond question that Mr. Carnes had the opportunity to form a correct opinion. As this court interprets the statute, Mr. Carnes' testimony was competent testimony. We cannot say that the trial court erred in giving preference to the testimony of Mr. Carnes, an appraiser selected by *both* parties, whose appraisal was taken almost simultaneously with the original divorce decree, over that of Mr. Lowe, appraiser hired and paid by only one party and who was appraising the land thirteen months removed in time.

We particularly note that Mr. Lowe admitted during cross-examination that he was aware of instances where equally qualified appraisers reached results as varied as the two appraisals in the instant case.

■ Appellant also argues that the testimony of Mr. Hunt, a retired teacher who accompanied Mr. Carnes on his inspection of the land, as to the value of the land was inadmissible. Without deciding the merits of Mr. Hunt's testimony, in light of Tit. 7, § 367, Ala. Code (1940), and the testimony of Mr. Carnes, any error is, to this court, harmless. Supreme Court Rule 45. We also note the case was tried under Tit. 7, § 372(1), Ala. Code (1940), and thus the judge, himself, would not consider irrelevant testimony.

The third ground of contention raised by appellant is that even if the appraised amount was correct, the check tendered by appellee was not payment in money as required by the original decree. The trial judge found that the check tendered was in "full satisfaction of the amount due."

As we understand appellant's brief, her contention is that forcing a person receiving alimony or child support to accept a check would have adverse practical effects on domestic relation cases.

■ What the trial court said was that a check is a bill of exchange, a contract complete in itself, and that it imports a consideration. Deal v. Atlantic Coast Line R. Co., 225 Ala. 533, 144 So. 81, 86 A.L. R. 455. As we interpret the decree, what the court is saying is that paying by check is sufficient, under these circumstances, to fulfill the requirements of the original decree. It is undisputed that payment by check is only conditional, Peoples Bank and Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570, and the trial judge did not, to this court, mean to imply that the check extinguished the underlying obligation.

■ The acceptance of the check operates as a suspension of the original right of action until it is properly presented for payment and such payment is refused. 60 Am.Jur.2d, *Payment*, § 45. This same principle is recognized under our recently enacted Uniform Commercial Code. Payment by check suspends the obligation *pro tanto* until presentment. If it is then dishonored, the right of action on the debt still exists. Tit. 7A, § 3–802(1)(b), Ala. Code (1940). See also Tit. 7A, § 2–511, Ala. Code (1940).

■ The court recognizes that even though the check is conditional payment, it is sufficient to satisfy the decree because if the check is dishonored the debt still remains. We further note that after receiving the check, appellant held same for approximately three months before making any complaint of any nature regarding the manner of payment. It would appear that it is appellant's own action which has precluded the exchange of the check for money.

All of appellant's argued assignments of error having been considered, applying Supreme Court Rule 45 as appropriate, the judgment is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.