327 So.2d 716

**Charlotte Statum HOLLEMAN**

v.

**The ELMWOOD CEMETERY CORPORA-TION, a corporation, et al.**

**SC 1209.**

Supreme Court of Alabama.

Jan. 22, 1976.

John D. Prince, Jr., Birmingham, for appellant.

Spain, Gillon, Riley, Tate & Etheredge and H. H. Grooms, Jr., Birmingham, for Elmwood Cemetery Corp. and Harry W. Mueller, Jr.

Huie, Fernambucq, Stewart & Smith, Birmingham, for Elmwood Cemetery Corp.

Rogers, Howard, Redden & Mills and William N. Clark, Birmingham, for appellees Ruby Statum Perkins, H. T. Statum, Jr., Betty Joyce Hodges, Ruth Gibson, John P. Gibson, Jr., Pauline Jones, and Mrs. Mabel Lewis.

**270**

MERRILL, Justice.

This case arose out of a family dispute over the placement of a cemetery monument in the walkway easement between two cemetery lots. The trial court found for defendants and we affirm.

Appellant, Charlotte Statum Holleman, filed a suit in equity on June 19, 1973, requesting that appellees be enjoined from the maintenance and retention of a monument within the five-foot easement separating the North ½ of Lot 129 and Lot 137, Block 10, Elmwood Cemetery, City of Birmingham, and damages, costs and fees in this regard. The complaint was later amended to include a count against appellees alleging grave desecration.

Appellant is owner of the North ½ of Lot 129 (hereinafter Lot 129). Appellees, Dorothy Sexton Lambert, Ruth Statum Perkins, H. T. Statum, Jr., Betty Joyce Hodges, Ruth Gibson, John P. Gibson, Jr.,

Pauline Jones and Mrs. Mabel Lewis, own Lot 137. Each of the aforementioned appellees (hereinafter relatives) is related to the appellant in some degree.

Lot 137 is due north of Lot 129. The lots are separated by the easement on which the monument is situated.

Appellee, Elmwood Cemetery Corporation (hereinafter Elmwood), is the owner of the cemetery in which Lots 129 and 137 are located. Appellee, Harry Mueller, is president and general manager of Elmwood.

Relatives originally purchased Lot 137 as an eighteen-grave lot. In order to erect a monument on the lot commemorating the families to be buried within, a number of graves would have to be sacrificed. Relatives consulted with Mueller, who allowed them to erect a monument in the easement between Lot 137 and Lot 129. (The monument is currently situated even with and parallel to the southern boundary of relatives' lot, as a result of realignment of the monument on December 5, 1974, by Mueller. Prior to that date, the monument was three inches out of line.) This monument, including the base, is six feet six inches long, three feet eight inches high, and two feet wide, and extends two feet into the easement toward and parallel to the northern boundary of Lot 129, allowing a three-foot passageway between relatives' lot and appellant's lot.

The inscription on the monument reads: "Gibson-Statum." Gibson is the married name of one of appellant's sisters. Statum is the appellant's maiden name.

The interments in Lot 137 are appellant's relatives, Dr. and Mrs. H. N. Statum, her father and mother, Reverend H. T. Statum, her brother, a niece, a nephew and two brothers-in-law.

In her bill of complaint, appellant alleged a conspiracy between all named appellees whereby they placed a monument in the easement, which reduced the easement to appellant's lot on the north side to three feet rather than the original and usual five feet; that appellees planted shrubs and plants around the monument which limited the access even more; that Mueller told appellant he would remove the shrubs and plants, but failed to do so; that relatives' monument obstructed the view of appellant's lot. Appellant claimed that she experienced emotional and physical damages as a result of these actions of appellees, especially at the interment of her grandson on July 27, 1970, when the pallbearers appeared to have difficulty in placing the coffin over the grave (in Lot 129). She complained that due to the monument, all of her grandson's floral sprays had to be placed on Lot 137 behind the monument, which obstructed the view of the sprays. Appellant claims that the emotional and physical damages alleged have continued since the date of her grandson's interment.

The cause came to trial on December 6, 1973. On December 21, 1973, after the close of testimony, but prior to the trial court's ruling on the matter, appellant moved to reopen the case and to amend her complaint. She alleged that one day prior to the trial, or December 5, Mueller had moved the monument slightly, in an effort to align the north side of the monument precisely on the southern boundary of Lot 137. This movement, appellant contended, resulted in the desecration of the grave of appellant's aunt, Lora B. Gleason, who is buried in Lot 129.

On January 14, 1974, the trial court entered the first of four orders from which this appeal is brought: FINAL ORDER DISMISSING CAUSE AS TO SOME DEFENDANTS/ORDER SETTING ASIDE SUBMISSION AS TO SOME DEFENDANTS. As to relatives, the decree stated as follows:

"*ONE:* Plaintiff has failed to reasonably prove to the satisfaction of the

Court the material allegations of her Bill as against the following Defendants: [relatives listed] and, as to these said Defendants, * * * this cause ·is dismissed."

The trial judge continued the case against Elmwood and Mueller for the purpose stated in appellant's motion to reopen. Elmwood and Mueller delayed in answering appellant's amended complaint, and were found in default on April 23, 1974.

On May 1, 1974, Elmwood and Mueller moved to set aside default, which the trial judge so ordered. (This is the second decree which appellant challenges.) Elmwood and Mueller then moved for a hearing on the merits of the amended complaint. It was so ordered. The hearing began on May 6, 1974, on what the trial judge termed an "emergency matter"—the need to cure the desecration of Lora B. Gleason's grave. The trial judge concluded the hearing as follows:

"* * * let the record show that at this hearing the sole question was whether or not Elmwood Cemetery would be willing, without any admission of liability, to erect some type of curative structure or wall which would alleviate the hole in the ground which exists, and that would be done forthwith, that is within a reasonable time. * * *"

On October 9, 1974, Elmwood and Mueller moved to sever the original cause from the amended complaint under Rule 21, ARCP, and for summary judgment on the original complaint pursuant to Rule 56, ARCP.

On March 3, 1975, Elmwood and Mueller moved for summary judgment as to the amended complaint. That motion was set for hearing on March 7, 1975. On that date, the trial judge entered a decree which granted summary judgment on the amended complaint in favor of Elmwood and Mueller. (This is the third decree from which appellant appeals.)

On March 26, 1975, appellant appealed from the three orders or decrees previously listed. On April 22, 1975, the trial judge entered the final decree on the original complaint in favor of Elmwood and Mueller and against appellant. (This decree is the fourth of four orders being appealed.) The court found:

"Plaintiff has adequate ingress and egress to her lot. She has not been denied free and reasonable access. Elmwood has not interfered with Plaintiff's right to use her lot for burial and visitation purposes. The monument's movement was a reasonable and legitimate attempt to accommodate the owner of Lot 137, in marking the burial of those persons interred within the lot, including the parents and relatives of the Plaintiff.

"There was no conspiracy as averred in Plaintiff's complaint. The said monument does not bar the vision of Plaintiff's lot, nor does it bar interment in said lot.

"Defendants did not deal perfidiously with Plaintiff, mislead her, nor have they done any injustice to her."

We discuss the aspects of the case against the parties separately, because different law firms handled each aspect.

## I. PLAINTIFF'S CASE AGAINST RELATIVES.

On January 14, 1974, the trial court dismissed relatives as party defendants in this action, based on appellant's failure to prove the allegations of her bill of complaint against them.

The appeal was not filed on this judgment until March 26, 1975, over fourteen months after the judgment was rendered. The statute sets a limit of six months. Tit. 7, § 788, Code.

This suit was filed prior to the effective date of ARCP. Most of the pro-

ceedings took place after that date. The parties appear to be in doubt as to whether the former rules or ARCP apply. It is not necessary to address that question. If ARCP applies, the judgment was not appealable. The decree of the court on January 14, 1974 did not follow the language of ARCP 54(b) and was not appealable. The appeal is due to be dismissed because it was not a final judgment. *Cates v. Bush,* 293 Ala. 535, 307 So.2d 6; *Cherokee County Hospital Board v. Retail, W. & Dept. St. Union,* 294 Ala. 151, 313 So.2d 514.

■ If the former rules applied, it was undoubtedly a final judgment. An appeal could have been taken within six months, but it was not taken within that time and it is due to be dismissed. There can be no question but that the trial court's intention was to dismiss the case against the relatives.

Apart from the question of dismissal, the trial court found that appellant "failed to reasonably prove to the satisfaction of the Court the material allegations of her Bill as against the [relatives] * * *."

■■ The trial court, sitting without a jury, heard the oral testimony, and the usual presumption prevails that we will not disturb the decree or judgment on appeal unless plainly erroneous or manifestly unjust. *Morris v. Morris,* 290 Ala. 41, 273 So.2d 203; *Morgan v. Larde,* 282 Ala. 426, 212 So.2d 594. We cannot say that the judgment was either plainly wrong or unjust.

## II. GRAVE DESECRATION AGAINST ELMWOOD.

■ As a preliminary matter, we consider the assignment of error that the trial court erred in setting aside the default judgment. It was clearly shown that Elmwood had no notice and ARCP 55 makes it within the discretion of the trial court to set aside an entry of default. We see no abuse of discretion in the trial court's action.

■ In *Hogan v. Woodward Iron Co.,* 263 Ala. 513, 83 So.2d 248, this court held that the cause of action for damage to a grave accrues to the surviving spouse and if there is no surviving spouse then to the next of kin in the order of their relation to the deceased; and that all parties occupying the same degree of kin should join in any such suit. The reason is that it would subject the defendant to numerous suits by different parties for the same cause of action which should be settled in one suit.

■ Appellant, while testifying, admitted that the deceased, Lora B. Gleason, whose grave was alleged to have been desecrated, had a living sister, and that at the time of the filing of this suit, twelve other living persons were the same degree of kin to the deceased, Lora B. Gleason, and yet appellant was the only plaintiff. There was no error in the trial court's ruling on this question.

■ Appellant also argues that the trial court erred in granting the motion for summary judgment which was filed on March 3 and entered on March 7, 1975, because the ten-day notice provided for in ARCP 56(c) was not given. Counsel for appellant was present in court at the hearing on March 7 and did not object or call attention, by way of oral or written objection, to the ten-day limitation. The failure to raise the question constitutes a waiver. *Ikerd v. Lapworth,* 435 F.2d 197 (CA 7th); *Feng Yeat Chow v. Shaughnessy,* 151 F. Supp. 23 (S.D.N.Y.). See Committee Comments ARCP 1, concerning our adoption of the construction of other courts to these rules.

## III. TRESPASS AGAINST ELMWOOD.

This aspect of the case was the subject of much testimony, some of which was in conflict. In its final decree on this sub-

ject, the trial court set out its findings of fact which led to the conclusion that appellant was not entitled to recover.

 Under the presumption attaching to the finding of the trier of fact, already stated in this opinion, we cannot say that the trial court was plainly in error, either as to its findings or its application of the law.

Appeal dismissed as to relatives; affirmed in all other aspects.

HEFLIN, C. J., and MADDOX, SHORES and EMBRY, JJ., concur.