203 So.2d 116

Elton **WIGINTON** et al.

v.

Lula **DUNCAN.**

6 Div. 385.

Supreme Court of Alabama.

Oct. 5, 1967.

Bobby R. Aderholt, Haleyville, for appellants.

Fite, Thomas & Fite, Hamilton, for appellee.

PER CURIAM.

This is a boundary line dispute between coterminous owners—sister, brother and the brother's wife.

Appellee filed a bill in equity in the Circuit Court of Marion County against appellants to establish the true boundary. She amended her complaint so as to describe the true boundary line as that surveyed by John H. Christopher, a registered surveyor. She included a description of the true boundary. The amended complaint avers that a copy of the survey is attached to and made a part of the complaint as amended. No copy of this survey appears in the record.

Appellants own the SW ¼ of NE ¼ and appellee owns the SE ¼ of NW ¼, all in Section 26, Township 10 South, Range 14 West. The boundary line in dispute is the north and south line between these two forties.

The trial court, after hearing the evidence ore tenus, entered a final decree establishing the true boundary line, using the description averred in the amended complaint and fixed by the surveyor, Mr. Christopher. We observe that there is no adverse possession or prescription here involved.

Appellants make the contention that the burden of proof is on the complainant to sustain the allegation in the amended complaint that the true line is that fixed by the surveyor, Mr. Christopher (Denton v. Corr, 253 Ala. 497, 45 So.2d 288), and that the complainant failed to carry this burden.

It appears from the evidence that Mr. Christopher was a registered surveyor of eleven years experience. He detailed in his evidence the point where he began his survey and the route he took to a conclusion. He did not have the benefit of any field notes, but relied on informants and certain corner markers. He testified that a fence between the north forties and part of the forties here involved, when extended for a specified distance, constitutes the true boundary between the forties of the parties hereto. He surveyed and checked out the location of this fence by measurements from other points which he considered to be corner points.

It appears that the surveyor started his survey from a point which he was told by Mr. Abercrombie and Mr. Duncan (husband of appellee) was the southwest corner of appellee's property. He said he then ran north about a quarter of a mile, then east a quarter of a mile to a fence which appeared to him to be on the forty line. He then ran north to the end of that fence, which was a distance of 1343 feet. He assumed the terminal to be the north end of the forty. He then came back to where he ran into the fence when running east and ran a line south from that point along the straight portion of the fence, and then an extension thereof for a total distance of 1343 feet. He contended this latter line was the true line between the forties belonging to the litigants. This fence between the two forties here involved was straight, or generally straight (running south) for some 780 feet, and then was extended for a sufficient distance to make out a quarter of a mile. As we understand the evidence, at the 780-feet point a fence bearing southwest began. The land between this extension and the erected fence running southwest comprises about three acres and seems to be the bone of contention between the parties. No attempt was made to survey the entire section.

Appellant contends that he put up the fence between the two forties; that the straight part of the fence is over on his land and that it is not a line fence. He claims that he erected this fence without any reference to the forty line or identification therewith.

We here state that we have twice reviewed the full text of all the evidence in an effort to get a reasonable understanding of all the evidence. We were severely handicapped in our review because witnesses in their testimony used a blackboard with drawings thereon. They would point to this or that area of the blackboard, which is not before us. It was impossible for us, in reviewing the text, to understand much of the evidence. It was not clear where the witnesses were pointing. The testimony in several instances showed confusion in calling the land numbers.

Since the trial court heard the witnesses ore tenus and saw them in their use of the blackboard and presumably fully understood what the witnesses were testifying, we will not disturb its decree.

Then, too, Mr. Christopher was a surveyor of long experience and was authorized to give his opinion as an expert that the line he surveyed and described is the true line. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477. The many passing years have obliterated the government marks as to the boundary, leaving the surveyor the burden of determining what existing marks or points should be used as the point of beginning. A surveyor of wide experience learns to recognize such marks which to an inexperienced person would be of no consequence.

We hold that the decree should be affirmed and it is so ordered.

The foregoing was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.