236 So.2d 679

**Charles L. FORRISTER**

**v.**

**Bonnie W. FAGAN and Elbert Bright, Coexecutors of Estate of J. T. Williams, Deceased.**

**7 Div. 835.**

Supreme Court of Alabama.

June 11, 1970.

Fred Ray Lybrand, Anniston, for appellant.

Knox, Jones, Woolf & Merrill, Anniston, for appellees.

**20**

SIMPSON, Justice.

This is an appeal from a final decree rendered in a case involving the boundary line between the property of the appellant and J. T. Williams, who was the complainant below and who died after the appeal in the case had been perfected. The court concluded that the boundary line was as contended by the complainant, Williams.

Only two points are made by appellant on appeal: (1) His insistence that the trial court erred in sustaining the complainant's demurrer to appellant's cross-complaint. We have examined the cross-bill and concur with the trial court—it is demurrable. Furthermore, only a single question was involved below and that was where the boundary line was between the property of complainant and respondent, who were coterminous land owners. This issue was raised by the bill and answer thereto. (2) That the decree rendered below is contrary to the evidence and law in the case.

The evidence clearly establishes that the complainant below, J. T. Williams, has been in possession of the property involved here for many, many years. He and his predecessors in title have for many years claimed to own the land up to a dirt road, which was considered by all as the boundary line between the appellant's property and that of the complainant below. The evidence is overwhelming to the effect that this road has been treated by both sides of this litigation, and their predecessors, as the boundary line between their parcels. In fact the appellant himself indicated that he never knew he owned any land on the east side of the road (complainant's side) until his son noticed in an old deed that the description seemed to include land on the east side of the road.

The evidence is highly supportive of the conclusion reached by the trial court

that the complainant below, J. T. Williams, had acquired title to the land up to the dirt road by adverse possession. His decree establishing the boundary line between the two parcels is in line with the evidence. It is presumed to be correct. Jones v. Wise, 282 Ala. 707, 213 So.2d 914; Wiginton v. Duncan, 281 Ala. 395, 203 So.2d 116. A cursory reading of the testimony taken below will refute any charge that the conclusions based upon it are palpably erroneous, a result which is necessary if we are to substitute our conclusions for those of the trial court. Morgan v. Larde, 282 Ala. 426, 212 So.2d 594; Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.