This is a disputed boundary line case wherein Ray Nelson was plaintiff, and Allen G. Smith, Ruby N. Smith, John H. Mitchell and Alice Jane Mitchell were defendants. The trial court heard the evidence without a jury and its memorandum of opinion provides an excellent summary of the evidence:
 "Ray Nelson, plaintiff, brought this action against Allen G. Smith and wife, and John H. Mitchell and wife, defendants, to establish a disputed boundary line between the plaintiff on the south and the defendants on the north. Such cases are difficult to determine and the expense is usually more than the value of the land. The Court has carefully considered the evidence and without Solomon's wisdom has determined that the evidence and the applicable law supports the claim of the plaintiff.
 "The plaintiff claims the boundary line between the parties is the county line between Randolph and Cleburne Counties which is marked by an agreed corner of the northeast corner, Section 3, Township 18, Range 10, Randolph County, and marked by an iron stake and rock pile at the northwest corner of said section, or if the disputed corner as claimed by the plaintiff is not the northwest corner of the section, then plaintiff claims to the disputed corner by adverse possession.
 "The defendants claim that the northwest corner of said section three as established by the government survey is about 150 feet south of the corner claimed by the plaintiff.
 "None of the surveyors purported to tie the disputed corner into the government survey. Plaintiff's surveyor surveyed the property line east and west between the corner claimed by plaintiff and the *Page 360 
agreed corner at the northeast corner of section three.
 "The defendant's surveyor, Huxford, surveyed a straight line from east to west over three miles using what he considered established corners including the agreed corner at the northeast corner of section three. He indicated that the government survey was of no help to him in trying to establish the disputed corner.
 "There is, therefore, no evidence before the Court as to government survey establishing the Cleburne-Randolph County line in this area.
 "The plaintiff and his predecessors in title have adversely held the property up to this claimed line for more than 40 years next before any dispute arose over the location of the disputed corner.
 "All the parties claim under a common grantor, and it is the opinion of the Court that the grantor, Eva Pritchard, used the Turley corner to establish her fence line between the property she retained in Cleburne County and the property she sold to plaintiff's predecessor in title in Randolph County in 1937. At the time of the sale there existed a fence corner believed to be the northwest corner of Section 3 by the adjoining landowner, Turley. The corner was marked by an iron pin covered with rocks which iron pin is now encased in concrete. This is the northwest corner of the plaintiff's property whether or not it is the section corner. The Court is not inclined to relocate a corner so long established.
 "There is no validity to defendants' claim for damages.
 "A judgment will be entered in accordance with this opinion."
Upon this evidence the trial court decreed:
 "It is the ORDER, JUDGMENT AND DECREE of the Court that the true boundary line between the parties in this case is described as follows:
 Begin at a fence corner marked by an iron stake encased in concrete covered by a rock pile at or near the northwest corner of Section 3, Township 18, Range 10, Randolph County, Alabama, and run easterly in a straight line to the recognized and existing rock pile representing the northeast corner of said Section 3.
 "The defendants will remove their fences located south of the aforesaid line.
 "The Court finds for plaintiff on defendants' counter-claim.
 "The costs of Court are taxed one-half to plaintiff and one-half to defendants. Let a copy of this Order be filed in the offices of the Probate Judge in Randolph and Cleburne Counties, Alabama."
No authority need be cited for the recognized rule that a decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct, and in such cases the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust.
Equally applicable here is the principal that a decree fixing a boundary line between coterminous owners must only be supported by credible evidence. Snider v. Shirley,341 So.2d 677 (Ala. 1977).
The record supports the trial court's conclusion that there was no evidence according to a governmental survey of the location of the Cleburne-Randolph County line in this area; therefore the county line had no bearing on the location of the disputed corner. Also, there is evidence from which the trial court could have concluded that Nelson and his predecessors in title have adversely held the property up to the disputed corner for more than 40 years before any dispute arose.
We find ample supporting evidence for the judgment and, after a review of all the evidence, we cannot say the judgment of the trial court is plainly wrong or manifestly unjust; therefore, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur. *Page 361