Defendant appeals from a judgment for plaintiff in a boundary line dispute where *Page 850 
plaintiff and defendant are coterminous landowners.
Plaintiff filed a suit against defendant to establish the true boundary line between their respective properties located in Perry County, Alabama. Plaintiff is the record title holder to the NW 1/4 of the SE 1/4 of Section 2, Township 20 North, Range 8 East. Defendant is the record title holder to the SW 1/4 of the same SE 1/4. Defendant claims that he is the owner by adverse possession of a strip of property which lies between the quarter-section line and an old fence line that runs in a generally east and west direction north of the quarter-section line. In other words, the defendant claims, by adverse possession, a strip of land off the south side of the forty to which plaintiff has the record title.
There is some evidence that prior to 1956 the old fence line which defendant claims is the true boundary was recognized as the boundary line between the properties. However, in 1956 plaintiff's predecessor in title, Olon Belcher Lumber Company, a corporation, had the line between the properties surveyed and marked the quarter-section line so established with yellow paint, the mark of Olon Belcher Lumber Company. This yellow line has been continuously maintained by the plaintiff and his predecessor in title since its establishment. Additionally, in 1956 Belcher Lumber Company cleared the land with a bulldozer, destroyed the fence, and planted pine trees up to the line established by the survey. Plaintiff now has a pine plantation on the property which extends to the survey line. These pine trees are the same trees planted in 1956. Plaintiff or his employees have walked over the land annually or semiannually in order to check the timber growth. The record shows that shortly after the fence was destroyed, the defendant rebuilt it and, from time to time, has used the strip to pasture cows. There is also evidence that defendant has cut some timber from the strip for posts and firewood.
The trial court found the true boundary line between plaintiff's property and defendant's property to be the quarter-section line.
The defendant contends that the trial court committed reversible error in not permitting the admission of evidence regarding his cutting of timber in support of his claim of adverse possession. Moreover, defendant contends that the trial court's finding that plaintiff had exercised continuous possession over the disputed property under color of title for more than 20 years and therefore had title to the lands in dispute under the doctrine of repose is wrong, unjust and contrary to the great weight of the evidence.
We cannot agree that the trial court's refusal to admit into evidence testimony regarding the cutting of timber was reversible error. The same evidence sought to be elicited from the defendant was established by the testimony of another witness who testified that defendant had cut trees within the disputed area. Thus, if its exclusion was error, it was harmless since such evidence was otherwise admitted during trial. Chambers v. Culver, 289 Ala. 724, 272 So.2d 236 (1973);McLemore v. Alabama Power Company, 289 Ala. 643, 270 So.2d 657
(1972).
The defendant's sole claim to the property in dispute rests on adverse possession since he has no record title thereto. In adverse possession, the burden of proof rests on the claimant[McLester Building Co. v. Upchurch, 180 Ala. 23, 60 So. 173
(1912)] to prove his possession is actual, hostile, open, notorious, exclusive, and continuous for the statutory period.Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Smith v.Claybrook, 349 So.2d 1087 (Ala. 1977).
The trial court found that defendant had no color of title to the disputed tract and that the defendant had failed to establish adverse possession. Moreover, defendant had never assessed the land for taxes. From the record, the trial court *Page 851 
determined that plaintiff and his predecessors in title have been in the continuous, actual possession of the lands. At best, the evidence shows, for defendant, that both he and the plaintiff were in possession. Where two parties are in possession of real estate, neither has the exclusive, hostile possession which is a necessary element of adverse possession.Eason v. Samson Lodge No. 624, A.F. A.M., 270 Ala. 194,117 So.2d 138 (1959); Beason v. Bowlin, 274 Ala. 450, 149 So.2d 283
(1962). Thus, defendant has not shown he was in exclusive possession and cannot establish title by adverse possession.
On appeal, a decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct and must only be supported by credible evidence. In such cases, the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Smith v. Nelson, 355 So.2d 359 (Ala. 1978). The record in the instant case clearly contains credible evidence which supports the finding of the trial court and the judgment of the lower court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.