BRADLEY, Judge.
The appeal is from a judgment in a boundary line dispute between coterminous landowners.
Thelma Pugh, plaintiff, is the record owner of the SW ¼ of the NE ¾4 of Section 8, Township 8 North, Range 3 East. Billy C. Odom, defendant, is the record owner of the SE ¼ of the NW Va of Section 8, Township 8 North, Range 3 East. On April 5, 1979 Mrs. Pugh filed a complaint against Odom and Chastain, seeking to establish the true boundary line between her property and the property owned by Odom. She also sought damages for trespass and the cutting of timber by Odom and Chastain. In her complaint Mrs. Pugh alleged that the correct boundary line was a fence which she claimed to have been in existence for in excess of thirty years. Odom and Chastain entered a general denial on May 4, 1979. Thereafter, Odom, in an amended answer filed August 7, 1981, claimed that-the true and correct boundary line between the two properties was one which was established in a survey conducted in 1968. Following a hearing at which the evidence was taken ore tenus, the trial court concluded that the boundary line was the fence separating the two parcels of land. It further awarded $2,000 in damages to Mrs. Pugh for trespass. From that order Odom and Chastain have appealed to this court.
In their brief appellants contend that the trial court’s decision should be reversed because it is not based on credible evidence. According to Odom and Chastain, the only credible evidence before the court was that which was offered by Ralph McVay, who conducted the 1968 survey. His survey, they claim, established that the true boundary line ranged from thirty feet to one hundred feet east of the fence which Mrs. Pugh claimed and the trial court found to be the line of division. They further assail the use of the fence as the boundary line since it is not a straight line and is offset in the southeastern comer. This irregularity, they say, shows that it was not intended to serve as a boundary.
We find no merit to appellants’ contention that the trial court improperly failed to give appropriate weight to testimony offered by Ralph McVay in connection with his 1968 survey. It is, of course, proper for the trial court to hear expert testimony from a surveyor in connection with a boundary line dispute and to weigh such testimony in conjunction with other evidence before it in arriving at its ultimate decision. Wiginton v. Duncan, 281 Ala. 395, 203 So.2d 116 (1967). In the instant case McVay, who conducted the 1968 survey of the property, was allowed to testify after being qualified as an expert witness. Appellants, however, claim that the trial court impermissibly failed to allow the surveyor to state that his line was the true and correct boundary. Previous case law in Alabama has held that it is appropriate for a surveyor to state that his line is the true and correct boundary line. See Wiginton v. Duncan, supra; Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964). We agree that the trial court should have allowed McVay to express an opinion as to whether his surveyed line was the boundary line, but the refusal to do so does not amount to reversible error in this instance. Just prior to being asked whether his line between the two parties was the true line, McVay had testified that he had prepared a drawing of the property he had surveyed and that such drawing illustrated his testimony concerning the lines he had run. Such drawing *260 was introduced into evidence without objection. Such evidence established the line surveyed by McVay and must be considered, in effect, as a statement by him that the line he ran between the two properties is the true line. Under these circumstances the refusal to permit McVay to give his opinion that the surveyed line was the true line is error without injury. Rule 45, Alabama Rules of Civil Procedure.
As we have stated, opinion evidence from an expert witness is only one factor, among many, on which a trial court may base its decision in a boundary line dispute. The basic rule concerning sufficiency of the evidence in a boundary line case requires that the trial court’s decision be based on credible evidence. Jemison v. Belcher, 368 So.2d 849 (Ala.1979). An appellate court’s scope of review in such a case where the evidence is heard ore tenus is limited to an examination of the record to determine whether there has been gross abuse of discretion or palpable error on the part of the trial court. We may not review the record in such a manner as to give greater or lesser weight to the evidence presented and must uphold the trial court’s decision if we find credible evidence to support it. See Jemison v. Belcher, supra; Smith v. Claybrook, 349 So.2d 1087 (Ala.1977). Thus, under our standard of review, we are unable to say that the trial court’s refusal to give greater weight to the surveyor’s testimony constituted gross abuse or palpable error, especially in the face of the fact that there is other credible evidence on the record to support its decision. Testimony before the trial court indicated that the fence in question came into existence when Odom’s predecessor in title placed it in its present location following a survey he had conducted. Other testimony indicated that the fence had been in existence for fifty years. Although in conflict, there is evidence to the effect that the fence had been regarded as the boundary line between the two parcels of land and that neither Odom nor his predecessors in title had laid claim to any land east of it until the conflict which formed the basis of the instant action arose. Thus, the record before us contains credible evidence on which the trial court could have based its decision that the fence was the correct boundary line; therefore, its decision must be upheld.
Appellants finally contend that the trial court erred in establishing the fence as the boundary line because there was no evidence to indicate that it had been established as the line of division by adverse possession. Having found that the trial court’s conclusion that the fence was the boundary line is supported by credible evidence, we pretermit any consideration of the issue of adverse possession.
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.