This is a boundary line dispute between coterminous landowners. Following a disagreement between Howard Dees and Margaret Pennington concerning the boundary line between their properties, Dees filed this action[1] to have the court determine the boundary line. Alternatively, Dees alleged that he had gained title to the disputed strip of property by adverse possession. The court fixed the property line as advocated by Pennington. Dees appeals.
The property is located in Lamar County, Alabama. Both parties trace their chain of title to W.C. Dees, the plaintiff's grandfather. W.C. Dees conveyed the western parcel to his son, L.H. Dees, in 1926. L.H. Dees conveyed that parcel to the plaintiff, Howard Dees, in 1972. The property description in both of those conveyances reads:
 "All of the land lying west of the Old Fernbank Road in the west 1/2 of the northeast 1/4 of Section 5, Township 16, Range 15 West, containing fifty acres more or less."
Mr. and Mrs. Pennington obtained title through a series of conveyances that began when W.C. Dees first conveyed the land in 1936 and that was completed in 1983. The property description in those conveyances reads, in relevant part:
 "All that part of the W 1/2 of the NE 1/4 lying east of the Fernbank Public Road, . . . in Section 5, Township 16 South, Range 15 West, in Lamar County, Alabama, containing 30 acres, more or less."
Since 1920 there have been three roads in the disputed area, separated in some places by less than thirty feet. According to testimony elicited at trial, each of those roads has been known, among other names, as the Old Fernbank Road or the Fernbank Road. This dispute concerns which of those roads the original grantor intended to be the boundary line. Dees contends that the newest, and most easterly of the three roads is the proper boundary line. That road has also been known as the Fernbank Public Road and is presently known as Moore's Mill Road. Dees testified that his father, L.H. Dees, had pointed this road out as the eastern boundary line of their property on many occasions. Dees also testified that he has paid property taxes on the land west of the present road. Pennington contends that the oldest and most westerly of the three roads is the correct boundary.
The oldest of the three roads was an unpaved road that was abandoned at some time between 1915 and 1926. Morris Cole, a lifelong resident of Lamar County born in 1901, testified that that road was known as the Fernbank and Vernon Road, and that he last travelled over it around 1915. That road was replaced by a paved road some years later. The second road was subsequently straightened and moved a short distance east from its original roadbed, resulting in the road presently in use. Mr. *Page 1067 
Cole acknowledged that both of those roads had also been known as the Old Fernbank Road.
Ms. Lois Finch, who was 78 years old at the time of trial, stated that she grew up on the land now owned by Pennington and that she had lived in Lamar County until 1941. Ms. Finch identified a photograph she had taken in 1926 as being of the oldest, most westerly roadbed. She testified that that road had been known to her as the Old Fernbank Road. Ms. Finch also stated that that road had been replaced and was no longer used at the time the photograph was taken. It is important to note that the photograph identified by Ms. Finch was taken the same year that W.C. Dees, the original grantor, conveyed the western parcel of land to L.H. Dees, the plaintiff's father and predecessor in title. This would indicate that there were two roads in the vicinity at the time of this conveyance. Neither Mr. Cole nor Ms. Finch indicated that they knew which of the three roads was the boundary line between the property owned by Dees and that owned by Pennington.
The trial judge heard the testimony of these and several other witnesses, personally viewed the area in dispute, and reviewed the exhibits, including several deeds. The judge found that the testimony of Ms. Finch was crucial and that it established that the oldest, most westerly road was the Old Fernbank Road. He also found that Mr. Cole's testimony indicated that there were two roads in the vicinity in 1926, thus explaining the reference to the Old Fernbank Road in the 1926 deed from W.C. Dees to L.H. Dees. He therefore decided that the most westerly road was the correct boundary line between the property owned by Dees and that owned by Pennington. He ordered a survey to determine the center line of that road and ordered the positioning of judicial markers along that line.
In reviewing cases such as these, where evidence is presentedore tenus and the trial judge views the property in dispute, this Court will not reverse unless the judgment of the trial court is palpably erroneous or manifestly unjust. Jemison v.Belcher, 368 So.2d 849 (Ala. 1979); Smith v. Nelson,355 So.2d 359 (Ala. 1978).
It is clear that there is credible evidence supporting the trial judge's determination that the oldest, most westerly road has been known as the Old Fernbank Road. However, it is not clear from the evidence presented that the original grantor intended that road to be the eastern boundary line of the property now owned by Dees. What is clear, from the unambiguous language of the property descriptions in each deed concerning the property now owned by Pennington, is that the oldest road was never intended to be the western border of that parcel of land. Each deed, beginning in 1936, names the Fernbank Public Road as the western border of that parcel. There is no indication that the oldest, most westerly road has ever been referred to as the Fernbank Public Road, despite its various other names. It is clear, therefore, that the original grantor intended that the road being travelled in 1936 be the western boundary of that parcel, and, by inference, the eastern boundary of the property now owned by Dees. By naming the oldest road as the boundary line, the trial court, in effect, gave Pennington a strip of land approximately 30 feet wide and of some considerable length. This strip of land was never conveyed to the Penningtons or to their predecessors in title, nor have they claimed title to it by adverse possession.
The trial court's determination is in conflict with a logical interpretation of the relevant deeds. It is difficult to believe that the original grantor would convey the western parcel of land to his son in 1926 without providing access to what was apparently the only travelled road in the vicinity, and then in 1936 convey the eastern parcel of land, with frontage along the travelled road, to someone not a member of his family. Nor does it seem likely that the original grantor intended for the grantee of the eastern parcel of land to have access to the road, while retaining a 30-foot-wide strip of land, thereby denying access to the road to his own son. Normally the grantor is presumed to intend to convey the fee *Page 1068 
owned by him to an abutting right-of-way along with, and as part of, the conveyance of land the right-of-way abuts. This presumption is based on the theory that the grantor would not retain a narrow strip of land that could be of little use or value to anyone other than the adjoining landowner.Standard Oil Co. v. Milner, 275 Ala. 104, 152 So.2d 431, 436
(1962).
The presumption stated in Standard Oil, supra, concerned whether the grantor conveyed the fee to the center line of the right-of-way or only to its edge, and it arose in the context of disputed ownership of the land covered by the right-of-way after its abandonment. The same principles should apply in this less common situation where the question is whether the grantor intended to convey only to the nearer and abandoned of two roads known by the same name, thereby retaining a narrow strip of land and blocking the grantee's access to the only road in the vicinity then in use, or intended to convey to the further of the two roads, thereby providing access to that road.
Although there is credible evidence that the oldest road has been known as the Old Fernbank Road, there is also evidence that the other two roads in the vicinity have been known by the same name. In the absence of evidence to the contrary, where a street is named in a deed as a boundary line, it must be taken that the parties intended the boundary to be the street as actually opened up and in use. Southern Iron Works v. Centralof Georgia Ry., 131 Ala. 649, 31 So. 723, 725 (1901). Despite the fact that there was conflicting evidence concerning which road actually was the Old Fernbank Road, none of that evidence addressed the original grantor's intent. Applying the presumptions cited above, it follows that W.C. Dees intended the Fernbank Public Road, as travelled in 1936, to be the boundary line between the two parcels of land. This is the most logical construction of the two original deeds, as it would have provided both grantees with frontage along the road as it existed at the time of the conveyances. It remains for the trial court, on remand, to determine the course of the Fernbank Public Road at the time of the conveyance in 1936, and to order a survey to mark that course.
Dees's allegation that he gained title to the disputed strip of land by adverse possession was not addressed by the trial court. However, there was testimony at trial that both parties repeatedly cut timber in the disputed strip over the years. Dees has therefore failed to prove that he has been inexclusive possession of the disputed area for ten years, a vital element of adverse possession. Sylvest v. Stowers,276 Ala. 695, 166 So.2d 423 (1964).
Because the determination of the trial court is in conflict with the unambiguous property descriptions in the deeds concerning the eastern parcel, and because of the other reasons stated above, the judgment is reversed and this cause is remanded for a determination of the course of the Fernbank Public Road as travelled in 1936. Following this determination a survey shall be ordered to allow the placement of judicial markers along the boundary line.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Dees's wife, Sara, joined the action as a plaintiff, and the complaint named Pennington's husband, Fred, as a defendant, but, for simplicity, we shall refer to each party in the singular.