ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
In February 1991 the parties were divorced after a twelve-year marriage. The *322 trial court awarded the mother custody of the parties’ four minor children, with reasonable visitation for the father. The father was ordered to pay $2,200 per month child support and $500 per month in periodic alimony for the mother. The mother was awarded possession of the homeplace until the youngest child reaches majority or marries, and the father was ordered to pay the mortgage until that time. The father was ordered to pay the children’s private school tuition, to maintain hospitalization insurance for them, and to pay all of their extraordinary medical and dental expenses. The father was also ordered to pay off the marital debts and the mother’s automobile note. The father was ordered to maintain life insurance on himself and to provide health insurance for the mother through his corporation. The mother was awarded $750 in attorney’s fees.
The father subsequently filed a motion to alter or amend the judgment, alleging that he was financially unable to pay the sums ordered under the decree. The mother filed an answer to the father’s motion, as well as a countermotion for modification of support and a petition for rule nisi alleging that the father was $1,000 in arrears. After an ore tenus proceeding, the trial court entered a judgment denying both parties’ motions. The father appeals.
We begin by recognizing that the trial court’s judgment in matters of child support and alimony is presumed correct and will not be reversed on appeal unless it is so arbitrary and unjust as to amount to an abuse of discretion. Holman v. Holman, 435 So.2d 98 (Ala.Civ.App.1983).
The most important factors to be considered in an award of child support are the needs of the children and the parent’s ability to meet these needs. Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983). In awarding periodic alimony, the trial court should consider the parties’ present and future ability to earn, the parties’ standard of living and future ability to meet or exceed that standard, the parties’ age and health, and the length of the marriage. Smith v. Smith, 369 So.2d 1235 (Ala.Civ.App.1979).
In this case the father is a medical doctor, specializing in the surgical treatment of cancer. He is the chief of surgery in a large hospital in Mobile, and maintains a solo medical practice as a professional corporation. The mother is employed part time in a church-sponsored day care, earning about $160 per month. The mother testified that regular employment outside the home is not feasible for her at this time, based on the age and various special needs of the four children in her custody.
The record shows that at the time of the divorce, the father’s reported net income was approximately $6,500 per month. At the time of the hearing on his motion to alter or amend the divorce decree, this amount was slightly reduced due to a change in tax filing status. The father presented evidence at trial to show that his professional corporation had recorded substantial losses in 1989 and 1990. The father testified that he was forced to reduce personnel in his medical office and limit the hours of work given to part-time employees. He further testified that he is two months behind on the lease payment for his office and that he is required to pay $22,-000 per year in medical malpractice insurance.
The father contends that, in light of the foregoing evidence, the trial court abused its discretion in ordering him to pay numerous expenses of the mother and children in addition to $2,700 per month in child support and alimony. The additional expenses include a monthly mortgage of over $900, parochial school tuition of over $300, and the mother’s car note. He must also pay the fixed debts of the marriage totalling about $900 per month, most of which were incurred by him. With these and other expenses, the father is required to pay from $3,000 to $3,500 per month in expenses in addition to combined support obligations of $2,700.
At trial, the mother testified at length as to the needs of the children and the expenses that are incurred due to their care. However, the mother did not present any evidence to controvert the father’s testimony concerning his financial ability to pay *323 the support and expenses as required by the trial court.
There is no evidence to show that the father is capable of earning more income at the present time or that he derives money from unreported sources. It is thus undisputed that the trial court ordered the father to pay over $6,000 per month in support and expenses at a time when his income is only about $6,500 per month.
The trial court is not at liberty to disbelieve undisputed evidence relating to a parent’s ability to pay support. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App.1981). Moreover, the court may not order support payments that compel a party to sacrifice all of his income, leaving little or none to support himself. Travis v. Travis, 345 So.2d 321 (Ala.Civ.App.1977).
Here, the father has presented evidence to demonstrate his financial condition and the mother has offered no facts in rebuttal. The amount of child support, alimony, and expenses ordered by the trial court is thus unsupported by the evidence. The judgment is hereby reversed and the case is remanded for the trial court to recalculate the father’s support obligations in accordance with his ability to pay.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.