THIGPEN, Judge.
This is a divorce case.
The record reflects that James A. Weich-man, Sr. (husband) and Catherine E. Weich-man (wife) married in June 1987, and in March 1992, the wife filed for divorce seeking custody of the parties’ two minor children, a division of property, and a reasonable attorney fee. The husband answered and counterclaimed for divorce, seeking, inter alia, custody of the children. After ore tenus proceedings, the trial court divorced the parties and, inter alia, awarded custody of the children to the wife, subject to the husband’s visitation and ordered the husband to pay child support. The husband was also ordered to maintain hospitalization insurance and to pay for all major medical expenses of the children, as well as to name the children as irrevocable beneficiaries of a life insurance policy during their minority. Additionally, the trial court effected a division of property and an allocation of debts of the marriage, and it ordered the husband to pay $750 towards the wife’s attorney fee. After the husband’s post-judgment motion was denied, he appealed.
The husband contends that the trial court abused its discretion in the division of property and the allocation of debt. The husband also contends that the provisions of the decree ordering him to maintain hospitalization insurance on the children, to pay all major medical expenses of the children, and to name the children as irrevocable beneficiaries to his present life insurance policy were an abuse of discretion. The husband further contends that the trial court improperly considered evidence regarding allegations of adultery in its division of property, alimony award, and the allocation of marital debts, and that the trial court abused its discretion in awarding the wife an attorney fee.
Matters regarding alimony and property division pursuant to divorce rest soundly within the discretion of the trial court, and its judgment on such matters will not be disturbed on appeal unless such discretion was palpably abused. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). The division of property need not be equal, but it must be equitable in light of the *869 evidence, and what is equitable rests within the broad discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Many factors, including the conduct of the parties, are proper to consider in making an equitable division. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Furthermore, a division of property favoring one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
A recital of the evidence regarding the property distribution would serve no useful purpose. We have thoroughly reviewed the record and we cannot find that the trial court abused its discretion in either its division of property or the allocation of the marital debt.
The husband also contends that the trial court abused its discretion regarding certain provisions of the judgment; yet, he fails to cite any supporting authority to advance his contentions. That issue reads:
“The trial court abused its discretion in awarding husband’s automobile to the [wife], ordering the husband to pay debts incurred in the [wife’s] name totalling more than $6,600.00, that the husband pay $5,000 to the [wife] for her interest in the husband’s baseball card collection, ordering the husband to maintain hospitalization insurance on the minor children and further be responsible for all major medical expenses of the children, awarding $750 to [wife]’s attorney as a reasonable attorney fee, and ordering the husband to ‘name the minor children as irrevocable beneficiaries on his present life insurance program during the minor children’s minority’ where there was no evidence that such a policy ever existed.”
The husband’s corresponding argument to his broad-sweeping issue, which in reality contains multiple issues that are discretionary with the trial court, merely provides citations to general authority regarding the division of property. It is well established that general propositions are not considered supporting authority. Ex parte Riley, 464 So.2d 92 (Ala.1985). The husband’s failure to properly set out an addressable issue and his failure to cite supporting authority, as required by Rule 28, AR.App.P., invites affirmance of his stated issue. This court will address only those issues properly presented and supported. Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987). It is not the function of an appellate court to perform a litigant’s research, nor to create legal arguments for an appellant. McLemore v. Fleming, 604 So.2d 353 (Ala.1992); Lokey v. State Department of Industrial Relations, 527 So.2d 1327 (Ala.Civ.App.1988). Notwithstanding that failure, our review discloses no abuse of discretion. Likewise, we are compelled to affirm the trial court’s judgment awarding an attorney fee to the wife.
The husband also contends that the trial court improperly considered adultery in its awards regarding the division of property, the alimony, and the allocation of debt. He argues that adultery as a fault ground should only be considered if it actually causes or contributes to the breakdown of the marriage. Fault, however, may be considered by a trial court in making a division of property even if the divorce was granted on grounds of incompatibility. Lutz, supra. We cannot find that the trial court erred in considering evidence regarding behaviors of the parties.
The husband also argues that the trial court abused its discretion in failing to find that the baseball card collection was part of the husband’s separate estate, and therefore, not marital property subject to division. “The determination of a spouse’s separate estate is a matter for the trier of fact after reviewing all the evidence in each case.” Shirley v. Shirley, 600 So.2d 284, 287 (Ala.Civ.App.1992). It appears of record that the husband had a baseball card collection prior to the marriage. That collection became a joint venture of the husband and the wife during the course of the marriage. The wife contributed to the collection, and additions to the collection were purchased from marital funds. The record supports a conclusion that the wife possessed an interest in the collection. Therefore, we cannot find error *870 in the trial court’s division of that marital asset.
Based on the foregoing, this case is due to be, and it is hereby, affirmed.
The wife’s request for attorney fees on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.