YATES, Judge.
The parties were divorced in September 1991; they were awarded joint legal custody of their minor child, with the mother having primary physical custody. The trial court did not order child support, although the father was to pay “one-half of the child’s private school tuition, tutoring, clothing, and other expenses related to school.” In December 1992, the court ordered the father to *776 make the tuition payments directly to the school and to pay to the mother $100 per month child support. Additionally, the court found that the father owed to the mother $2813.31 for unreimbursed expenses.
In May 1993, the father petitioned to modify the divorce judgment, requesting that custody be transferred to him. He alleged that the mother had transferred custody of the child to him in January 1993 and that she had stated that she could no longer provide for the child. After a hearing, the trial court entered an order on February 24, 1994, awarding custody of the child to the mother and ordering the father to pay one-half of the child’s private school tuition and one-half of her tutoring expenses, or approximately $150 per month. The mother appeals, claiming that the trial court erred in failing to apply the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin.
Our scope of review when evidence has been presented ore tenus is limited to an examination of the record to determine whether there has been an abuse of discretion or palpable error by the trial court. Odom v. Pugh, 434 So.2d 258 (Ala.Civ.App.1983).
The evidence indicates that the father failed, almost from the start, to meet his obligations under the first order. A second order was entered in December 1992, and the father again failed to meet his obligations. The mother was forced to file a claim in the small claims court and to garnish the father’s wages to collect the monies that he owed to her.
At the time of trial, the mother earned $26,000 per year. The father’s salary was approximately $38,000 per year; however, including overtime and bonuses, he had earned between $42,000 and $44,000 the past two years. Consequently, the father had made at least $12,000, and possibly as much as $18,000, more per year than the mother.
The record does not indicate how the trial court arrived at its decision to hold the parties equally responsible for the costs of tuition and tutoring, while saddling the mother with the full financial burden of rearing a pre-teenage child. The determination does not correspond with the Rule 32(A), guidelines. Rule 32(A) provides:
“Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
“(i) A fair, written agreement by the parties establishing a different amount and stating the reasons therefor; or
“(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable.”
The application of the guidelines under Rule 32 is no longer discretionary with the trial court; it does not appear that the trial court followed the requirements of Rule 32 in this case. The required forms were filed, showing that the father should be paying $468 per month child support. There was no finding in the record to indicate that application of the guidelines would be unjust and, likewise, there was no evidence in the record upon which the trial court could have based a finding that the use of the guidelines in this ease would be unjust. We conclude that the trial court abused its discretion in failing to require the father to contribute more to the support of his child. Therefore, we reverse the judgment of the trial court and remand the cause for a determination of support payments in accordance with Rule 32.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.