MONROE, Judge.
On January 12, 1994, after an ore tenus proceeding, the trial court entered a judgment dissolving the six-year marriage of Tee-na L. Owens (wife) and William E. Owens III (husband). In that judgment, the trial court specifically reserved the issues of property division, child support, and visitation, all of which were resolved in an order of the trial court entered on February 15, 1994, following another ore tenus proceeding. The wife raises several issues on appeal.
The wife contends that the trial court abused its discretion in dividing the property of the parties, and that its division was inequitable and unsupported by the evidence. The record shows that the trial court awarded the marital residence, with some restraints, to the wife, and awarded the couple’s 15-aere tract of land to the husband. The husband is to make the mortgage payments on the marital residence, and, the trial court ordered, if the husband should sell his tract of land before the mortgage on the house is paid, proceeds from the sale shall *843 first be applied to any outstanding mortgage indebtedness. The restrictions the trial court placed on the sale of the wife’s house include giving the husband the right of first refusal if she decides to sell the house and ordering that if the house is sold before the couple’s daughter reaches the age of majority, half of the proceeds shall be held to defray the child’s educational expenses or for any extraordinary expenses necessary for the child’s well-being. According to the order, if the wife sells the house after the child reaches the age of majority, she is entitled to all the proceeds from the sale.
When the trial court is presented the evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985). There are certain factors the trial court should consider in dividing marital property, including the earning ability of the parties, their probable future prospects, their ages, sex, and health, the length of the marriage, and, in appropriate cases, the conduct of the parties regarding the cause of the divorce. Landers v. Landers, 631 So.2d 1043, 1044 (Ala.Civ.App.1993). The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
After reviewing the record, we hold that the evidence presented in this case supports the trial court’s division of marital property, and we cannot say that the trial court abused its discretion in dividing the property.
The wife also contends that in addition to being inequitable, the trial court’s final decree is ambiguous. In her brief to this court, the wife wrote that “the trial court itself acknowledged that its order ‘needs some clarification.’ ” The record shows that after a hearing on extending the husband’s visitation privileges, which was held months after the trial court had denied the wife’s motion to alter, amend, or vacate the judgment in this case, the trial court entered an order providing as follows:
“The former husband also raised a question concerning unpaid medical bills and certain personal property. The Court has reviewed the order dividing the parties’ property and is satisfied that the order needs some clarification.
[[Image here]]
“(4) The order dividing property said that the personalty had already been divided. Consequently, the Court is of the opinion that it does not have jurisdiction to modify or amend the property division. However, the Court would suggest that the portable fencing panels should follow the horses, that the duet, conduit, wire, electrical relays and starters, electrical breakers, electrical CF motors mic., electrical and AC fittings and electrical gate closers, should be relinquished to the former husband. In addition, the former wife indicated that the former husband should have a parking meter and an antique Double Cola can.”
(C.R. 45-47, emphasis added.)
It would appear from the trial court’s latest order that the portion of the order dividing the marital property that the trial court believed needed “some clarification” has nothing to do with the ambiguities the wife claims surrounds the sale of her house. The wife raised this issue to the trial court in her motion to amend, alter or vacate the judgment, which the trial court denied by operation of law. As stated above, the division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent an abuse of discretion. After reviewing the record, we find no error in the division of marital property.
The wife also argues that the trial court improperly reduced the amount the husband was paying in support of their child. Specifically, she argues, the trial court’s reduction of the husband’s child support obligation as ordered in the final judgment was an unauthorized modification.
The record shows that shortly after the couple separated, the wife found out she was pregnant. The baby was born on July 4, 1993, and the husband voluntarily began making support payments of $80 per week. *844 On January 12, 1994, the trial court entered its order divorcing the parties, but it specifically reserved the issue of child support. In the January 12 order, the trial court required the husband to continue making the same payments he had been making. On February 15,1994, after a hearing to determine the husband’s child support obligation, the trial court entered its final order requiring the husband to pay $75 per week in child support. In its order, the trial court said that that amount “is in conformity with Rule 32 of the Alabama Rules of Judicial Administration.” The husband was further ordered to pay half of all of the child’s medical and dental expenses not covered by insurance, as well as all deductible amounts.
The trial court’s final order as to this issue established the husband’s child support obligation; that order was not a modification of an existing child support order, as the wife argues. In the original divorce judgment, the trial court reserved the issue of child support, along with other things, and then held a hearing from which it could set the husband’s child support obligation. In the original judgment, the trial court ordered the husband to continue making the same payments he had voluntarily assumed, until the issue of child support could be decided. After the hearing on this issue, the trial court ordered that the husband’s child support obligation was $75, as mandated by the Child Support Guidelines, Rule 32(A), Ala.R.Jud.Admin. “[T]he trial court must apply the guidelines or make a written finding that application of the guidelines would be unjust or inappropriate.” Thompson v. Thompson, 649 So.2d 208, 211 (Ala.Civ.App.1994); see also, Parham v. Parham, 647 So.2d 775 (Ala.Civ.App.1994).
“A trial court’s judgment in matters of child support ... is presumed correct and will not be reversed on appeal unless it is so arbitrary and unjust as to amount to an abuse of discretion.” Harris v. Harris, 590 So.2d 321, 322 (Ala.Civ.App.1991). The evidence presented in this case supports the trial court’s application of the child support guidelines; therefore, the trial court did not abuse its discretion.
The wife further argues that the trial court abused its discretion and committed reversible error by its failure to require the husband to pay all hospital costs incurred with their child’s birth. The first hearing in this matter was on June 30, 1993; the child was born days afterward, on July 4,1993. At the first hearing, the trial court required the husband to pay for “anything having to do with the birth of the child, insurance plus.”
The wife testified at the second hearing in this matter, on February 11, 1994, that when she went to the hospital to deliver the baby, she got a “VIP room.” That room, she said, required an immediate payment. The husband was not at the hospital, the wife said, so her sister paid the $120 deposit for the room.
The husband testified that he did not know about the room deposit until he heard his wife’s testimony. He also testified that he had paid, or was paying, all of the other bills in connection with the baby’s birth. The wife did not dispute that testimony.
The trial court’s written judgment, entered after the hearing, made no mention of the $120. In her motion to alter, amend, or vacate the judgment, the wife pointed out that the judgment was silent as to this issue and asked that it be modified to require the husband to make the payment. The trial court denied the motion by operation of law. See Rule 59.1, Ala.R.Civ.P. The $120 the wife claims her sister is owed is a debt incurred for the birth of the parties’ child. Allocation of debt is within the sound discretion of the trial court, and the judgment of the trial court will not be reversed absent an abuse of discretion. See, e.g., Weichman v. Weichman, 628 So.2d 867 (Ala.Civ.App.1993). After reviewing the record, we hold that the trial court did not abuse its discretion in not requiring the husband to pay the wife’s sister $120.
For the foregoing reasons, the judgment of the circuit court is affirmed.
The husband’s request for an attorney fee on appeal is denied.
AFFIRMED.
*845 ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.