I dissent. I would reverse the judgment of the trial court because I believe that the trial court abused its discretion in applying Rule 32(B)(5), Ala. R. Jud. Admin., to the father. That rule provides, in pertinent part:
 "(5) Unemployment; Underemployment. If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent's imputed income. In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent's recent work history, education, and occupational qualification, and on the prevailing job opportunities and earning levels in the community."
(Emphasis added.)
Although I think the trial court was required to impute income to the father, I believe the trial court abused its discretion by imputing to the father the same amount of income that he had been making before his second marriage. Rule 32(B)(5) directs a trial court to determine the "probable" — not the "optimum" — earning level of the unemployed or underemployed parent. The rule mandates that, in order to determine what income level is "probable" for the unemployed or underemployed parent, a trial court should consider the parent's "recent work history, education, and occupational qualifications, and . . . the prevailing job opportunities and earning levels in the community." In light of the circumstances surrounding the father's job loss, I do not believe any reasonable person could conclude that the father was "probably" likely to earn the same level of income any time soon.
In this case, the father's "recent work history" must include the fact that he was dismissed from his employment by a large church in what was undoubtedly a high-profile case. He testified that his career in the ministry "had been ruined" by the divorce. The evidence supported a finding that, despite the father's "education" and "occupational qualifications" as a clergyman, his "prevailing job opportunities" in local ecclesiastical circles were limited or nonexistent. The mother presented no evidence to controvert the father's testimony concerning the ruination of his career or his lack of financial ability to pay the previously ordered child-support obligation. She introduced no testimony that the father is currently capable of earning more income. SeeHarris v. Harris, 590 So.2d 321, 322-23 (Ala.Civ.App. 1991).
"[A] finding that a parent is underemployed . . . mandatesapplication of the guidelines using the income the underemployed parent is capable of earning." Herboso v.Herboso, 881 So.2d 454, 457 (Ala.Civ.App. 2003) (first emphasis original; second emphasis added). I think the trial court abused its discretion by failing to recognize the practical realities underpinning the factors listed in Rule 32(B)(5) — realities that, in my judgment, necessitated imputing to the father an income far less than what the trial court imputed. *Page 991